UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LEONARDO JAVIER RIVAS SOSA,

               Petitioner,

v.

KEVIN RAYCRAFT,

               Respondent.

_____/

Case No. 1:26-cv-1457

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[2]

**I.**      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondent to release Petitioner or provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a), where the government bears

---

1 Petitioner is granted leave to proceed *in forma pauperis*.

2 Petitioner also filed various motions, seeking immediate release and expedited review of this case. (ECF Nos. 3, 4.) In this opinion, the Court dismisses without prejudice Petitioner's petition for a writ of habeas corpus. Therefore, the pending motions are moot.

the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.5.)

In an Order entered on May 8, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondent filed his response on May 12, 2026. (ECF No. 8.)

## II.    Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Notice to Appear, ECF No. 2-4, PageID.25.) In January 2026, ICE arrested Petitioner. (Pet., ECF No. 1, PageID.2.)

On February 25, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Rivas Sosa v. Raycraft* (*Rivas Sosa I*), No. 1:26-cv-634 (W.D. Mich.). In *Rivas Sosa I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Rivas Sosa I*, (W.D. Mich. Mar. 12, 2026), (ECF Nos. 9, 11).

On March 18, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Ex. A, ECF No. 8-1, PageID.78.) At that hearing, the Immigration Judge (IJ) considered various factors relevant to Petitioner's request for bond. (Recording of Mar. 18, 2026, Bond Hearing, at 12:30-13:22, filed on May 12, 2026.) At the conclusion of the March 18, 2026, hearing, the IJ stated, "And when I consider all that stuff together, the court finds that you haven't shown you're not a flight risk, and I'm going to be denying your bond." (*Id.*, 13:34-13:42.)

On April 30, 2026, before filing this second habeas petition, an IJ granted Petitioner's application for pre-conclusion voluntary departure, and ordered Petitioner to voluntarily depart the

United States by June 1, 2026. (Order of the IJ, ECF No. 8-2, PageID.80–82.) Petitioner waived appeal. (*Id*.)

### III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

### IV.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the IJ did not apply the constitutionally required burden of proof at Petitioner's March 18, 2026, § 1226(a) bond hearing. Although it appears that the IJ applied an unconstitutional burden of proof at the bond hearing, *see Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026), before filing this petition,

Petitioner agreed to voluntarily depart the United States and waived appeal of the IJ's order granting voluntary departure.

As set forth in § 1226(a), a noncitizen "[o]n a warrant issued by the Attorney General may be arrested and detained *pending a decision* on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). In this case, Petitioner's removal proceedings are no longer pending. However, Petitioner's § 2241 petition only challenges his detention under § 1226 and does not challenge the constitutionality of his *present* detention after he agreed to voluntarily depart the United States and waived appeal of the IJ's order granting voluntary departure. Under these circumstances, the Court will dismiss the action without prejudice.[3]

### **Conclusion**

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      June 24, 2026                        /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

---

3 Petitioner is free to challenge the constitutionality of his present detention; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a new § 2241 petition raising claims regarding his present detention, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed in forma pauperis.